Filed 7/21/16  P. v. Modesto CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065413 |
| v. | (Super.Ct.No. SWF1402786) |
| VERONICA JENNIE MODESTO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge.

Affirmed.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

A.      PROCEDURAL HISTORY

On September 15, 2015, an information charged defendant and appellant Veronica

Jennie Modesto with possession of a controlled substance, heroin, in violation of Health

1

and Safety Code section 11350, subdivision (a), a felony (count 1); and bringing and sending into and assisting in bringing into and sending into and within the grounds of Larry Smith Correctional Facility a narcotic, heroin, in violation of Penal Code section 4573, a felony (count 2).

The information also alleged that defendant suffered two prior convictions within the meaning of Penal Code section 667.5, subdivision (b), and that one of the prior convictions was a serious and violent felony within the meaning of Penal Code sections 667, subdivision (c) and (e)(1), and 1170.12, subdivision (c)(1).

On November 16, 2015, defendant pled guilty to both counts and admitted to the priors. On December 15, 2015, the court denied defendant's motion to dismiss the strike and prison priors. The court then imposed the midterm (three years) for the principal count, count 2, doubled by the strike prior, for a total of six years in state prison. As to count 1, the court imposed one-third the midterm (eight months), doubled by the strike prior, for one year four months, to run consecutive to count 2, plus an additional one year for each of the two prison priors (Pen. Code, § 667.5, subd. (b)), to run consecutive, for a total of nine years four months in state prison. The trial court awarded 392 days of credit, and ordered defendant to pay restitution fines and fees.

On February 2, 2016, defendant timely filed a notice of appeal; the notice was accompanied by a request for a certificate of probable cause. On February 3, 2015, the trial court granted defendant's request for a certificate of probable cause.

2

B.    FACTUAL HISTORY[1]

On September 25, 2014, deputies were dispatched to a Motel 6 in Hemet to assist parole agents with apprehending a subject with a felony warrant.  The parole agents went to room 228 and directed the male and two females to exit the room.  Defendant was later identified as one of the females.  Defendant had an active felony warrant for a violation of postrelease community supervision.

Because of her postrelease search terms, deputies advised defendant she and her belongings would be searched.  Defendant told deputies she had a syringe with heroin in her purse.  The deputies found the syringe; it contained five units of dark brown liquid that later tested positive for heroin.  Defendant admitted the syringe was hers; she was transported by deputies to the sheriff's station.

Upon arrival at the sheriff's station, deputies inquired whether defendant had additional drugs, weapons or contraband on her body.  Defendant was advised that she would face additional charges if she brought drugs into the facility.  Defendant said she understood the advisement, and that she did not have any drugs on her.

During booking, correctional officers "strip searched" defendant; a piece of plastic was seen extending outside of her vagina.  Defendant initially refused to retrieve the plastic bag for officers, but eventually, defendant retrieved the plastic bag voluntarily. The plastic bag contained a brown tar-like substance; the substance tested positive for heroin.

---

[1] Defendant pled guilty to both counts; therefore, the facts related to the underlying charges are taken from the probation report.

3

## DISCUSSION

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but she has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

SLOUGH

J.

4